```
 1                UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF COLORADO
 2

 3   IN RE:                   .   Case No. 22-10521-JGR
                              .              Chapter 11
 4   MICHAEL JOSEPH ROBERTS, SR.,.
                              .
 5        Debtor.            .
                              .
 6   . . . . . . . . . . . . . . .

 7

 8

 9
         TRANSCRIPT OF TELEPHONIC HEARING ON DISCOVERY DISPUTE
10          SUBJECT TO THE PROVISIONS OF L.B.R. 7026-1(d)

11

12

13          BEFORE THE HONORABLE JOSEPH G. ROSANIA, JR.
                 UNITED STATES BANKRUPTCY JUDGE
14

15             THURSDAY, SEPTEMBER 28, 2023
                    DENVER, COLORADO
16

17

18

19

20

21

22

23   TRANSCRIPT REQUESTED BY:    LEWIS ROCA ROTHGERBER
                                  CHRISTIE, LLP
24
     TRANSCRIPT DELIVERED ON:    OCTOBER 3, 2023
25   TRANSCRIPT DELIVERED ON:    OCTOBER 9, 2023
     TRANSCRIPT PRICE:           $5.35 PER PAGE; $112.35
```

```
 1   APPEARANCES:

 2   For the Debtor:                Podoll & Podoll, P.C.
                                    By:  Robert C. Podoll*
 3                                  5619 DTC Parkway, Suite 1100
                                    Greenwood Village, CO  80111
 4                                  (303) 861-4000

 5   For the Creditors PdC, LLC,    Lewis Roca Rothgerber Christie
     Timothy Flaherty,                Christie, LLP
 6   Timothy Kneen,                 By:  Chad S. Caby*
     Riviera County Club, S. de     601 19th Street
 7   R.L. C.V.:                     Suite 1000
                                    Denver, CO  80202
 8                                  (303) 623-9000

 9                                  Norton Rose Fulbright
                                    By:  William J. Leone*
10                                  1225 17th Street, Suite 3050
                                    Denver, CO  80202
11                                  (303) 801-2750

12   For the Trustee:               Allen Vellone Wolf Helfrich &
                                      Factor, P.C.
13                                  By:  Michael T. Gilbert*
                                    1600 Stout Street
14                                  Suite 1900
                                    Denver, CO  80202
15                                  (303) 534-4499

16   Also Present:                  Harvey Sender*

17   Court Recorder:                Clerk's Office
                                    U.S. Bankruptcy Court
18                                  721 19th Street
                                    Denver, CO  80202
19
     Transcription Service:         AB Litigation Services
20                                  216 16th Street, Suite 600
                                    Denver, CO  80202
21                                  (303) 296-0017

22

23   *All appearances telephonic.

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

1       (Time Noted:  1:06 p.m.)

2    THE COURT:  Good afternoon, ladies and gentlemen.

3 This is U.S. Bankruptcy Judge Joseph G. Rosania, Jr.,

4 conducting a discovery dispute hearing under our Local Rule

5 7026-1 in the case of Michael J. Roberts, Sr., Chapter 7

6 case, case number 22-10521.

7    The discovery dispute arose last week, and

8 pursuant to our Local Rule, the PdC creditors filed a report,

9 docket 680, September 26, 2023.

10    And the Debtor, the other party involved in the

11 dispute, also filed a discovery dispute report, docket 676,

12 September 26, 2023.

13    And also we have an evidentiary hearing scheduled

14 in the case on the joint motion to approve a settlement

15 between the PdC creditors and the Chapter 7 Trustee.  That is

16 scheduled for next Tuesday, October 3rd, at 9:00.

17    So these are the matters that are before the

18 Court.  So let's start out with appearances first.

19    Do we have the Chapter 7 Trustee and/or counsel

20 for Chapter 7 Trustee, Harvey Sender?

21    MR. GILBERT:  Yes, Your Honor.  Michael Gilbert

22 appearing for the Chapter 7 Trustee, Harvey Sender, who is

23 present with me on this call.

24    THE COURT:  Thank you.  Counsel for what we've

25 been referring to here as the PdC creditors?

1          MR. CABY:  Good afternoon, Your Honor.  Chad Caby

2 on behalf of PdC, LLC, Timothy Flaherty, Timothy Kneen, and

3 Riviera Country Club.

4          Also with me is William Leone, who will be

5 addressing the Court today.

6          THE COURT:  Okay.  Thank you.  Counsel for the

7 Debtor?

8          MR. PODOLL:  Good afternoon.  Robert Podoll

9 appearing for the Debtor.

10          THE COURT:  And do we have Mr. Roberts on the

11 line?

12          MR. PODOLL:  Mr. Roberts is not with us this

13 afternoon.

14          THE COURT:  Okay.  Thank you.  I would ask the

15 parties to please put your phone on mute.  I'm going to

16 approach this hearing in a little bit unorthodox fashion, and

17 then I'll hear from the parties.

18          But Mr. Roberts' case has been pending since

19 February 2021.  We had a multiple day evidentiary hearing in

20 the case in 2022, which resulted in an order of conversion

21 entered April of 2022.

22          Mr. Sender was there as the appointed Trustee,

23 Chapter 7 Trustee of the Estate, and has acted in that role

24 since the date of conversion, and has -- from a review of the

25 file, has been in the process of administering the Estate,

1   liquidating assets, non-exempt unencumbered property of the

2   Estate, and reviewing claims.

3           The matter that is before the Court that has

4   triggered the discovery dispute is a joint motion between the

5   Chapter 7 Trustee, Harvey Sender, and the PdC creditors, for

6   approval of a settlement relating to the PdC creditors'

7   proofs of claim that they filed in the bankruptcy case.

8           Mr. Podoll has been involved as counsel for Mr.

9   Roberts since 2020.  He filed a pre-petition unsecured claim

10  in the amount of $1.3 million plus, filed a motion for a

11  Chapter 11 administrative claim in the amount of $162,815.00.

12          In that time frame, Mr. Podoll was employed by the

13  bankruptcy Estate on behalf of Mr. Roberts, the same Estate

14  that he has an adverse position to since the date of

15  conversion.

16          I would also note that the Podoll fee application,

17  his employment was limited to representing Mr. Roberts in the

18  State Court matters that were pending on the date of filing

19  of the Chapter 11, but his fee application indicated that his

20  representation was not limited to the scope set forth in the

21  order; rather, it spilled over into the Chapter 11 case

22  representing Mr. Roberts in the Chapter 11 case, including

23  appearing at the conversion hearings that were conducted last

24  year.

25          I also asked Mr. Podoll to do a disclosure of

1  compensation, which he did on May 17, 2023, docket 618,

2  disclosing to the Court that as of that date he had an unpaid

3  fee statement of $172,460.00.

4          Mr. Podoll also lists himself as a may call

5  witness.

6          So I guess the way I'd like to proceed here is

7  inform the parties of my -- rule on the discovery dispute and

8  inform the parties of my view of how the hearing is going to

9  be conducted last week, and then I'll give each party full

10  and fair opportunity to weigh in on the Court's views.

11          But I really don't need legal argument on the

12  discovery reports.  They are short.  I know what the issues

13  are.

14          But as long as you have a chance to weigh in and

15  make your record, then I think that I've accomplished what a

16  judge needs to accomplish.

17          Since the discovery report was filed, each party,

18  the Trustee, PdC creditors, and Mr. Roberts, have filed a

19  list of witnesses and exhibits, and also an objection to the

20  exhibits as required by the pre-trial order.

21          There has also been a joint pre-trial statement

22  and a joint brief filed by the Trustee and the PdC creditors

23  in support of the motion to approve the settlement.

24          The motion to approve the settlement, for the

25  record, is dated April 11, 2023, docket 540.  And the

1 objection by Mr. Roberts is dated May 1, 2023, docket 572.

2          And the other issue that was raised by the joint

3 motion to approve the settlement, which shows Mr. Podoll's

4 intricate involvement with this case, is the motion to

5 approve settlement requests a turnover of $287,000.00 held in

6 Mr. Podoll's trust account.

7          So the joint motion for approval of settlement is

8 hurdling to an evidentiary hearing.  It was set actually two

9 months ago, and I considered it at the request of the Debtor,

10 who wishes to conduct discovery regarding the motion to

11 approve the settlement.

12          But my comments here both relate to the discovery

13 dispute, and also the hearing we're going to have next week

14 about the scope of the hearing.

15          The parties each also filed a position statement

16 on the scope of the hearing to be conducted on the Trustee's

17 motion to approve the settlement under Bankruptcy Rule 9019,

18          And, you know, there's really no way to separate

19 out the discovery dispute before the Court with the Court's

20 view as to the scope of the evidentiary hearing.

21          In any event, the narrow issue is the Debtor's

22 discovery dispute.  The Debtor indicates that he wants to

23 take Mr. Flaherty's deposition as a trial preservation

24 deposition, and because Mr. Flaherty is not going to attend

25 the trial, and that his testimony is necessary to the various

1   issues pertaining to the success of an appeal.

2           Well, I don't agree with that.  Let me state for

3   the record that Mr. Roberts chose to file bankruptcy, so he

4   submitted himself to this forum, and he did so in an effort

5   to both stay and try to avoid the effects of various State

6   Court orders that has been entered by the Denver District

7   Court over a several year period.

8           This case has been pending so long that at least

9   four or five Denver District Court Judges have presided over

10  his civil case, and every single one of those I think that's

11  presided has entered rulings and judgments against him.

12          The State Court orders in question have been

13  entered, and orders and judgments have been entered.

14          In March of 2023, Mr. Roberts filed a motion for a

15  new trial.  I agree with the Trustee and the PdC creditors

16  that he lacks standing to file a motion for a new trial.

17          The Trustee owns the claims, and so in my view,

18  the factual record of the facts that led up to the State

19  Court orders and judgments is closed.  Since that record is

20  closed, there is no reason to take Mr. Flaherty's deposition,

21  nor is there any reason that he would need to testify at

22  trial.

23          In my years as a lawyer, I was unaware that you

24  get to do discovery after a judgment is entered by a trial

25  court pending an appeal.

1           And the only issue before me is whether the

2   Trustee's settlement is within the range of reasonableness.

3   And in making that decision, Mr. Roberts doesn't get to re-

4   litigate the underlying State Court judgments.

5           And I would not cite those for the record here

6   today.  There are many.  They are set forth in the file, and

7   including in the joint motion to approve the settlement.

8           So my role here is not to conduct a trial of what

9   the State Court has already concluded.  Rather, it's to hear

10  mainly from the Trustee about why the Trustee believes the

11  settlement before the Court is fair and reasonable and within

12  the range of a reasonable settlement.

13          I do agree with paragraph 6 of the Debtor's

14  discovery report that there are multiple issues which would

15  be raised on appeal.  And those issues -- I don't agree with

16  damages and setoff.  He's had his day in court on those.

17          But the other issues are legal issues, and so in

18  evaluating the Trustee's settlement and evaluating any

19  potential appeal, the questions before me are largely

20  questions of law.

21          And so Mr. Roberts' request to conduct any further

22  discovery is denied.  I think this is consistent with the

23  ruling I entered earlier in this case.

24          And also, I want to state my view of what this

25  hearing should look like.

1        I think I need to hear from the Trustee and the
2   Trustee's expert witness and the Debtor's expert witness.  I
3   don't see what testimony Messrs. Vertuka (ph), who I've heard
4   before in the conversion hearing, Mr. Flaherty, Mr. Kneen, I
5   think it's Mr. Rosen, or Mr. Podoll and/or Mr. Roberts might
6   add to the decision of whether to approve the settlement.

7        You don't get to litigate since 2015 and have
8   orders entered against you, and the fie bankruptcy and re-
9   open all of those previous litigation.

10       But insofar as what we do at the trial, we'll take
11  that up as the matters are presented to the Court.

12       So that's how I view this case, and also this
13  discovery dispute.  And I would ask Mr. Podoll in his
14  comments to the Court to tell me whether he intends to call
15  himself as a witness at this trial, because if you do, then a
16  lawyer can't be a witness and an advocate at the same time.

17       So since the Trustee has the ultimate burden of
18  proof at the hearing on the issue of the reasonableness of
19  the settlement, I will hear from whichever Trustee's counsel
20  wishes to address the Court on your reaction to my view of
21  what the hearing should look like, and anything further that
22  you would like to offer the Court by way of a pre-trial
23  conference before we conduct this hearing next week.

24       So whether it's Mr. Gilbert or Mr. Leone, I would
25  ask Trustee's counsel to please address the Court.  I'll put

1   my phone on mute.  Thank you.

2           MR. GILBERT:  Thank you, Your Honor.  This is

3   Michael Gilbert.  Of course, Mr. Leone represents the PdC

4   creditors and I'm representing the Trustee.

5           We share your views as to the scope of the

6   hearing, and our intentions were pretty much in line with

7   what the Court just directed, that, you know, the witnesses

8   that we intended to call were the Trustee's expert witness,

9   Caroline Fairless.

10          With respect to testimony from other witnesses, I

11  mean, we expect to -- that Defendant's expert will testify

12  and be cross-examined, but we also would anticipate limited

13  testimony from Mr. Vertuca, who is the PdC creditor's, CFO

14  simply with respect to some of the mechanics of the

15  settlement agreement and distribution of funds under it,

16  which goes essentially to the reasonableness factor.

17          So that's, I think, the way we were anticipating.

18  And we're not sure whether or not Mr. Flaherty may testify,

19  or other PdC people with respect their views of the

20  settlement agreement.

21          I may have misspoken with respect to Flaherty or

22  Kneen.  I know that the discovery dispute, I believe, is

23  Flaherty.  I believe that Mr. Kneen is available and may

24  testify.

25          But that's the way we see the hearing.

1          THE COURT:  Okay, thank you.  Mr. Leone?

2          MR. LEONE:  Thank you, Your Honor.  First of all,

3    I appreciate your ruling on the discovery issues.  That was

4    really the issue here.  Mr. Flaherty has been examined six

5    times in this case already, and we didn't mean any disrespect

6    to the Court or to the other side in not being willing to

7    volunteer to be examined a seventh time.

8          But with respect to the hearing, we do anticipate

9    that Mr. Kneen will be available if there are questions,

10   again, about the reasonableness of the settlement.  He's

11   there to represent PdC.  We have not made a final decision as

12   to whether we will call him.

13         I think Your Honor is right that the expert

14   witness and the Trustee's testimony is sort of the core of

15   the inquiry here.

16         THE COURT:  Thank you.  Mr. Podoll?

17         MR. PODOLL:  Good afternoon, Your Honor.  Robert

18   Podoll.

19         The only problems -- well, first let me clarify so

20   I don't forget.  There are actually two Messrs. Podoll.  I

21   will be -- I'm Robert Podoll.  I'll be conducting the

22   hearing.  I had endorsed the other Mr. Podoll to testify.  So

23   I'm sorry for any confusion there.

24         Richard Podoll was the designated witness.  Robert

25   Podoll will be conducting the hearing.

1             And the only difficulty that we have is,

2    concentrating on paragraph 6 for a moment of the Debtor's

3    discovery report, there are issues that should be brought to

4    the Court's attention concerning the prospects on appeal.  We

5    wouldn't be re-litigating anything in the case, but to

6    understand the issues, there is certain facts that underlie

7    the legal issues.  And I don't know how to do that without

8    testimony.

9             You know, jurisdiction -- the jurisdiction issue

10   has facts concerning the status of what we call RCC, the

11   Mexican entity, and the agreements that RCC made in becoming

12   an entity in Mexico.  Standing has factual underpinnings to

13   it.

14            The due process objection has factual

15   underpinnings, and on and on and on.

16            Some of these -- no.  Only damages was the subject

17   of a hearing in the State Court, and that was a two day

18   hearing, as this Court knows, and there was a lot of evidence

19   taken on damages.  Even that's a legal issue, because in

20   terms of legal principles, you know, the appeal would say

21   that regardless of factual findings, based upon the

22   resolution of legal issues, that the resolution is subject to

23   appeal.

24            Setoff was never litigated in any hearing in the

25   trial court.

1    The other thing that the settlement does, of

2 significance, is it asks to surrender the claims of the

3 Estate against PdC.  There are factual issues which underlie

4 that decision.

5    So to us, it's not a question of whether the

6 Trustee believes that this is fair and why.  The question is

7 what the Estate is giving up, and whether this agreement is

8 truly fair to the Estate.

9    And we think there are factual issues that

10 underlie these determinations to be made.

11    So we did hope to present evidence to the Court

12 not to re-litigate, but just to give the Court an

13 understanding, some flavor of what these issues are, so that

14 you have an intelligent understanding of what the settlement

15 agreement would relinquish so you can make an informed

16 decision.

17    So, you know, I understand your rulings.  I don't

18 want to fight with you or anyone about this.  But, you know,

19 to have a fair hearing, I think the Court does need some

20 factual development to understand what the settlement

21 agreement would be relinquishing.

22    THE COURT:  Well, this is not a motion to approve

23 a settlement of pending litigation where the trial hasn't

24 been conducted.  The trial has been conducted.

25    At least my view is, as of today, if you think

1    there are facts I need to know about in order to evaluate the

2    settlement, you can point me to the record.  But in order to

3    give everybody a chance to weigh in on this, I guess I would

4    like to hear what Messrs. Gilbert and Leone's response is to

5    what Mr. Podoll had to say.

6              So first Mr. Gilbert.

7              MR. GILBERT:  Your Honor, I agree with the Court's

8    view that, I mean, what we're dealing with here are, for all

9    intents, judgments have been entered after years of

10   litigation in the State Court, and I don't believe that it's

11   appropriate or necessary to re-litigate those issues in

12   connection with this agreement.

13             The testimony that we will present are that we

14   have carefully -- our expert has carefully reviewed

15   everything in the District Court, exhaustively reviewed it,

16   as has the Trustee, and that our view that the settlement

17   agreement is fair and reasonable to the Estate, and that to

18   the extent -- and I believe I know what Mr. Podoll was

19   talking about, that there are potential claims that may exist

20   on behalf of the Estate against PdC, which are tied into

21   these rights of setoff, et cetera.

22             Number one, they have had their day in court.

23             Number two, the testimony will be that Mr.

24   Roberts' investments, his loans, et cetera, to PdC and

25   related entities are accounted for as part of the settlement.

1        So the notion he's relinquishing fabulous claims,

2   we just do not buy it.

3        So that's my view.  There will be testimony on

4   these issues, and with the Court's view of the scope of the

5   hearing.

6        THE COURT:  Mr. Leone?

7        MR. LEONE:  Thank you, Your Honor.  I agree with

8   what Mr. Gilbert has said.

9        There is a transcript of all of the proceedings in

10  the District Court, and whenever I've asked Mr. Podoll "what

11  do you want this testimony for?  Why are you asking for

12  Flaherty to be there?"

13       The best I can discern from the discussion is that

14  he anticipates some sort of a reenactment of testimony that

15  happened in the District Court, and that he thinks that that

16  reenactment will somehow, you know, -- that we should do a

17  reenactment of some of that testimony.

18       I disagree with that.  That's not what our hearing

19  is about.  If there is something in the trial court record

20  that would be the record on appeal in State Court, he can

21  call that to your attention and we'll be as prepared as we

22  can, without being able to anticipate everything he's going

23  to say about that record before you to be able to respond to

24  it during the hearing, if that's necessary.

25       So I agree with what you've said so far.

1          THE COURT:  Okay.  Well, the only way to resolve

2    the issues are to have the hearing and have the Trustee

3    present Trustee's evidence.  And under Rule 611, if I think

4    the Trustee or PdC or anybody is going too far afield, then I

5    can exercise the appropriate discretion.  Yes, Rule 611 of

6    the Federal Rules of Evidence.

7          But I thought, you know, since we're having this

8    hearing anyway, and we heard some of this before a few times,

9    I thought it would be useful, at least, to give the parties

10   my views in order to let the parties at least have my views

11   of how I think the hearing should proceed.

12         You know, it's an extremely unusual posture for a

13   judge to be in, that Bankruptcy Judges are put in after

14   there's been extensive State Court litigation.  But it's just

15   the nature of the beast, and it's the nature of bankruptcy.

16         So I'm not cutting any witnesses off at this time.

17   I'm just giving you my view of how it should proceed.

18         And I guess the proof of the pudding will be at

19   the trial when witnesses are called and questions are asked,

20   and potential objections are raised at that point.

21         So on the narrow issue of the discovery dispute,

22   we'll order a minute order today indicating that I made a

23   record and made an oral ruling that no further discovery

24   should be conducted, and we'll proceed next week in-person.

25   October 3, 9:00 o'clock, courtroom B, 721 19th Street,

 1  Denver, Colorado.

 2          So having said that, anything further from Mr.

 3  Podoll?

 4          MR. PODOLL:  Just to follow up on one comment that

 5  was made.  I don't want the Court to have the impression that

 6  there was a full trial in the Denver Court with a full

 7  transcript of proceedings.  There were two segments of trial

 8  that we have transcripts on.  One was a corporate governance

 9  hearing, and one was a damage hearing.

10          And so to say that "we have trial transcripts that

11  we can refer to," that really doesn't address what we have in

12  paragraph 6 of the discovery report.

13          I just wanted to call that out for -- to your

14  attention.  I understand that we'll all congregate next

15  Tuesday, we'll set this up, and we'll ask questions, and

16  you'll make rulings.  Let's see what we can do.

17          THE COURT:  Thank you.  Anything further from Mr.

18  Gilbert?

19          MR. GILBERT:  Nothing, Your Honor.  We'll see you

20  next Tuesday.

21          THE COURT:  Okay, thank you.  Mr. Leone?

22          MR. LEONE:  Your Honor, yes, I have one more thing

23  I just want to bring up now, because I don't want it to be a

24  surprise at the trial.  I want you to be able to think about

25  it, and Mr. Podoll.

 1          So the Debtor's expert in this case was an expert

 2   for PdC in the Denver District Court.  He opined about

 3   reasonableness of attorneys' fees.  His affidavit and his

 4   report was submitted to the Denver District Court to support

 5   a portion of the damage award against Mr. Roberts.

 6          I've talked to my client about whether or not we

 7   want to object to that.  The case law is very -- there is

 8   case law that would say that an expert, especially with the

 9   new rules of disclosure, who is exposed to work product, is

10   not allowed to switch sides.

11          But we've decided we really want to get this case

12   over the finish line.  We want to proceed with the hearing,

13   and we're happy to have the Trustee's expert explain why the

14   settlement is a good idea, and have Mr. Garnett say whatever

15   he's going to say.

16          However, it occurs to me that in order to protect

17   the record in this case, it will be important to have Mr.

18   Roberts and the Podolls waive any potential issues relating

19   to a conflict for their expert.  I just don't want to have

20   this record have something built into it that new counsel for

21   Mr. Roberts could come along later and appeal, and say "oh,

22   the old counsel for Mr. Roberts never should have put that

23   expert on because he had a conflict and everybody knows

24   that."

25          We've already been through five sets of lawyers in

1  this case, and so I just think to protect the record, I will

2  be asking on Tuesday that the Podolls acknowledge on the

3  record, and Mr. Roberts acknowledge on the record, and waive

4  any conflicts for their expert to make sure that we protect

5  the record.

6          I'm only raising it now because I don't want

7  anybody to be surprised about it next week.

8          THE COURT:  Okay.  I appreciate that.  Obviously,

9  I had no idea -- well, I have no idea what the experts might

10 say.  All I know is their identity.

11         We can address that next week at the time that if

12 and when Mr. Garnett is called.  But I do appreciate you

13 raising that now so that both I and Mr. Podoll can consider

14 the issue prior to trial.

15         Okay.  So we'll be adjourned in the Roberts case

16 until next Tuesday at 9:00 o'clock Denver time.  I'll enter a

17 minute order on the discovery dispute.

18         Have a good afternoon, ladies and gentlemen.

19         MR. PODOLL:  Thank you, Your Honor.

20                 (Time Noted 1:36 p.m.)

21                     * * * * *

22

23

24

25

1                                  CERTIFICATE

2         I, RANDEL RAISON, certify that the foregoing is a

3  correct transcript from the official electronic sound

4  recording of the proceedings in the above-entitled matter, to

5  the best of my ability.

6

7

8  _____        October 9, 2023

9  Randel Raison

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25